FILED 26 APR '22 13:45USDC-ORE



**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Scott E. Bradford**
**Quinn P. Harrington**
Assistant U.S. Attorneys
Scott.Bradford@usdoj.gov
Quinn.Harrington@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 11, 2022

Matthew Schindler
501 4th Street #324
Lake Oswego, Oregon 97034

Re:    *United States v. Joseph Dibee*, Case No. 6:06-cr-60011-AA-1 & 6:22-cr-00134-AA-1
Revised Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is a global resolution is between the United States Attorney's Office for the District of Oregon (DOR) in Case No. 6:06-cr-60011-AA-1, the United States Attorney's Office for the Eastern District of California (EDCA) in Case No. 2:06-cr-00155-DFL, the United States Attorney's Office for Western District of Washington (WDWA) in Case No. 3:05-cr-05828-RBL, and defendant, Joseph Dibee, and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges and Penalties**:

A.    In District of Oregon case number 6:06-cr-60011-AA, defendant agrees to plead guilty to Counts 1 and 6 of the Second Superseding Indictment as follows:

**Count 1: Conspiracy to Commit Arson of Cavel West, Redmond, Oregon**, in violation of Title 18, United States Code, Section 844(n).  The maximum sentence is 20 years' imprisonment, a mandatory minimum sentence of 5 years' imprisonment, a fine of $250,000, a 3-year period of supervised release, mandatory restitution, and a $100 fee assessment.

**Count 6: Arson of Cavel West, Redmond, Oregon** in violation of Title 18, United

Revised May 2018

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 2
March 11, 2022

States Code, Sections 844(i) and 2. The maximum sentence is 20 years' imprisonment, a mandatory minimum sentence of 5 years' imprisonment, a fine of $250,000, a 3-year period of supervised release, mandatory restitution, and a $100 fee assessment.

B.      In Eastern District of California case number 2:06-cr-00155-GEB, defendant agrees to a transfer pursuant to Rule 20 of the Federal Rules of Criminal Procedure to the District of Oregon and will plead guilty to Count 2 of the Indictment as follows:

**Count 1: Conspiracy to Commit Arson of BLM Wild Horse Facility, Litchfield, California**, in violation of Title 18, United States Code, Section 844(f)(1). The maximum sentence is 20 years' imprisonment, a mandatory minimum sentence of five years' imprisonment, a fine of $250,000, a three-year term of supervised release, mandatory restitution, and a $100 fee assessment.

3.      **Dismissal/No Prosecution**: So long as defendant accepts this plea agreement, is sentenced in accordance with its terms, and accepts responsibility as defined in this plea agreement, the DOR and the EDCA will move at the time of sentencing to dismiss any remaining counts against defendant, and the WDWA will move at the time of sentencing to dismiss its case against defendant. The DOR, the EDCA, and the WDWA further agree not to bring additional charges against defendant in their respective districts in these investigations, known to them at the time of this agreement.

5.      **Elements and Factual Basis**: Defendant has fully discussed the facts of these cases and charges and any potential defenses with defense counsel. As noted below, defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas.

A.      **Count 1: Conspiracy to Commit Arson, Case No. 6:06-cr-60011-AA-1**

**Elements:** In order for defendant to be found guilty of Count 1 of the Second Superseding Indictment in case number 6:06-cr-60011-AA, the government must prove the following elements beyond a reasonable doubt:

First, beginning in or about October 1996, and ending in or about December 2005, there was an agreement between two or more persons to commit arson; and

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 3
March 11, 2022

Defendant admits that defendant committed each of the elements of the offense alleged in Count 1 of the Second Superseding Indictment and agrees that the government could prove the offense beyond a reasonable doubt based on the following facts.

**Factual Basis**:  Beginning in October 1996 and continuing through December 2005, in the District of Oregon, the Western District of Washington, the Eastern District of California, and elsewhere, Joseph Dibee, Chelsea Dawn Gerlach, Kendall Tankersley, Daniel Gerard McGowan, Stanislas Gregory Meyerhoff, Josephine Sunshine Overaker, Jonathan Christopher Mark Paul, Rebecca Rubin, Suzanne Savoie, Darren Todd Thurston, Kevin Tubbs, Nathan Fraser Block, Joyanna L. Zacher, Jacob Jeremiah Ferguson, Jennifer Lynn Kolar, William C. Rodgers, and others, willfully and knowingly conspired and agreed to maliciously damage or destroy, or attempt to damage or destroy, by means of fire, buildings, vehicles and other personal and real property owned in whole or in part or possessed by, or leased to, the United States or any department or agency thereof, and or used in interstate commerce or in any activity affecting interstate commerce.

Defendants targeted for arson, buildings, vehicles and other real and personal property owned, possessed, and leased by the United States and its departments and agencies, and buildings, vehicles and other real and personal property used in interstate commerce and in activities affecting interstate commerce.

Defendants conducted and participated in meetings to plan arsons of the targeted sites. Some defendants conducted research and surveillance of sites targeted for arson and discussed their actions among themselves using code words, code names, and nicknames.  Defendants used the term "direct action" to refer to arsons and other acts of destruction.

In preparation for the actions, defendant and others designed and constructed destructive devices which functioned as incendiary bombs to ignite fires and destroy the targets by arson, and provided transportation to the locations of the arson targets.

During the "direct actions," defendants dressed in dark clothing, wore masks and gloves and otherwise disguised their appearance.  Some of the conspirators acted as "lookouts" to ensure secrecy as the crimes were carried out, and some placed destructive devices and accelerants at sites targeted for arson and ignited or attempted to ignite the devices and accelerants.

In some of the arsons and attempted arsons, defendants painted messages on the walls of the targets, including "Earth Liberation Front," "ELF" and related names and statements concerning the purposes of the crimes.

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 4
March 11, 2022


After the arsons and attempted arsons, defendants buried, hid, and otherwise disposed of physical evidence used in the commission of the crimes and thereafter publicized and promoted the results of the fires by means of written press releases and communiques which attributed the arsons to the Earth Liberation Front (ELF), the Animal Liberation Front (ALF), and related groups, and stated the purpose of the arsons.

Before, during, and after the arsons and attempted arsons, some defendants agreed among themselves never to reveal to law enforcement authorities or to anyone else outside "the Family" or cell the identities of the conspirators and participants in the arsons and attempted arsons and agreed among themselves to conceal or destroy any evidence connecting them to the arsons and attempted arsons. Some defendants possessed and/or used false identification documents to conceal their true identities and to facilitate travel. After the arsons and attempted arsons, defendant and others fled and secreted themselves in foreign countries in order to avoid detection and arrest by law enforcement authorities in the United States.

B.      **Count 6: Arson of Cavel West, Redmond, Oregon, Case No. 6:06-cr-60011-AA-1**

**Elements**: In order for defendant to be found guilty of Count 6 of the Second Superseding Indictment in case number 6:06-cr-60011-AA, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant damaged or destroyed, or attempted to damage or destroy, any building, vehicle, or other real or personal property;

Second, that the defendant did so by means of fire or an explosive;

Third, that the building, vehicle, real or personal property was used in interstate or foreign commerce or in any activity affecting interstate commerce; and

Fourth, that the defendant did so maliciously.

Defendant admits that he committed each of the elements of the offense alleged in Count 6 of the Second Superseding Indictment and agrees that the government could prove the offense beyond a reasonable doubt based on the following facts.

**Factual Basis**: On or about July 21, 1997, defendant and others agreed to and did build and used incendiary devices to destroy the Cavel West Meat Packing Plant at 1607 SE Railroad,

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 5
March 11, 2022


Redmond, in the District of Oregon, a building used in interstate and foreign commerce, by explosives and fire. All in violation of 18 U.S.C. §§ 844(i) and 2.

      C.      **Count 1: Conspiracy to Commit Arson, Eastern District of California Case No. 2:06-cr-00155-DFL**

      **Elements**: In order for defendant to be found guilty of Count 1 of the Indictment in case number 2:06-cr-0155-DFL, the government must prove the following elements beyond a reasonable doubt:

      First, beginning on or about September 1, 2001, and continuing through on or about October 15, 2001, in the Eastern District of California, there was an agreement between two or more persons to commit arson; and

      Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

      Defendant admits that defendant committed each of the elements of the offense alleged in Count 1 of the Indictment and agrees that the government could prove the offense beyond a reasonable doubt based on the following facts.

      **Factual Basis**: Defendant Dibee and others knowingly and intentionally conspired with each other to maliciously damage and destroy by fire and explosives, buildings and real and personal property owned by U.S. Bureau of Land Management in the Eastern District of California.

      In the late summer of 2001, defendant and another person performed reconnaissance at the Bureau of Land Management's Wild Horse Corrals near Litchfield, California. Their intent was to target the facility to prevent the government from removing wild horses from public lands and sending them to slaughterhouses.

      In or about October 2001, defendant and two other persons recruited other defendants to participate in a horse release and arson at the BLM Wild Horse Corrals. On October 11, 2001, Defendant and another person picked up other defendants who Canadian residents after they illegally entered the United States near Cultus Lake, British Columbia. They went to defendant's residence in Seattle, Washington, where the group planned the direct action at the BLM Wild Horse Corrals. The incendiary devices were constructed at defendant's residence with his knowledge.

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 6
March 11, 2022


Between October 12 and October 14, 2001, defendant and other defendants gathered equipment and mixed the fuel for the incendiary devices for the action at defendant's residence. Around October 14, 2001, defendant and the other defendants traveled from Washington State to the Eastern District of California for the action using defendant's truck.

On October 14, 2001, defendant and other defendants arrived at the BLM site and camped nearby where they continued planning the action in detail. At about midnight on October 15, 2001, defendant and the group dressed in black clothing and gloves and placed socks over their shoes. Defendant used a two-way radio to communicate with at least two other defendants. The group drove to the horse corrals where the incendiary devices were placed in several locations. Only one device ignited, destroying a barn and its contents. Defendant knew that the building and other real and personal property were owned and possessed by the Bureau of Land Management of the U.S. Department of the Interior.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG §§ 2X1.1(a)(2), 2K1.4(a)(1), and 2K2.1(a)(7) results in a Base Offense Level of 24, prior to adjustments.

8.    **Guideline Enhancement**: Consistent with the court's findings in co-defendants' cases, the DOR will recommend a 8-level upward departure/variance for aggravating circumstances under USSG § 5K2.0 on the ground that the guidelines do not adequately account for defendant's intent to frighten, intimidate, or coerce private individuals and corporations through his actions as well as under sentencing factors in 18 U.S.C. § 3553, including the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to avoid sentencing disparities. The Total Offense Level, after acceptance of responsibility, contemplated by the parties under this plea agreement is 29, resulting in an advisory guidelines range of 87-108 months.

9.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the DOR will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The DOR reserves the

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 7
March 11, 2022

right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.    **Government Sentencing Recommendation**:  The DOR will recommend a sentence of 87 months based on the nature and circumstances of the offense and the history and characteristics of defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide a just and fair sentence for defendant in relation to and in comparison with all of the previously sentenced co-codefendants.

11.    **Additional Departures, Adjustments, or Variances**:

        A.    Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guidelines range determined by the Court to a sentence of time-served and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to the sentencing factors in 18 U.S.C. § 3553(a).

        B.    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the DOR may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 8
March 11, 2022

sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**: The DOR will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the DOR is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

   If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.    **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the DOR and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

   Defendant expressly authorizes the DOR to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the DOR to access records to verify the financial information. Defendant also authorizes the DOR to inspect and copy all financial documents and information held by the U.S. Probation Office.

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 9
March 11, 2022


The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1. Defendant agrees to notify the Financial Litigation Unit of the DOR before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the DOR, on the issue of defendant's financial disclosures and assets.

The parties agree that restitution is mandatory, with any amount ordered to be paid jointly and severally with codefendants. Defendant agrees to pay restitution for all losses caused by defendant's conduct, as found and ordered by the Court at a restitution hearing that will take place within 90 days of sentencing.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the DOR of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the DOR of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

20.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by

Matthew Schindler
Re: Joseph Dibee Plea Agreement Letter
Page 10
March 11, 2022

all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

21.    **Deadline**: This plea offer expires if not accepted by March 18, 2022, at 12 p.m.

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney


SCOTT E. BRADFORD
QUINN P. HARRINGTON
Assistant United States Attorneys


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/20/22
Date

Joseph Dibee (signed with permission by counsel)
JOSEPH DIBEE
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/20/22
Date

MATTHEW SCHINDLER
Attorney for Defendant

Revised May 2018